YOUNG, J.
(concurring in part and dissenting in part). I concur with the majority opinion to the extent that it purports to disallow consideration of the concepts of sentencing entrapment, sentencing manipulation, and sentencing escalation. However, I believe that the core tenet espoused by the majority—that a defendant’s so-called “altered intent” may constitute an objective and verifiable factor that may be considered in departing from a statutorily mandated minimum sentence—is directly contrary to the principles this Court so recently reaffirmed in People v Babcock, 469 Mich 247; 666 NW2d 231 (2003). Accordingly, although I concur in the majority’s decision to remand for resentencing, I dissent from its analysis. [1]
I. CONSIDERATION OF POLICE CONDUCT
Although the majority states that police misconduct, standing alone, is not an appropriate factor to consider *745 at sentencing, it nevertheless allows consideration of any police conduct that can be “objectively and verifiably shown” to have “altered a defendant’s intent.” Ante at 718. I believe that this is an internally inconsistent holding and that it constitutes an expansion of the substantive defense of entrapment, a judicially created defense that I believe is violative of the doctrine of separation of powers and therefore invalid for the reasons expressed by Chief Justice CORRIGAN in her dissenting statement in People v Moffett[2] and her opinion dissenting in part in the instant case. Not only does the majority’s holding permit the inappropriate extrapolation of the substantive entrapment defense into the sentencing context, it broadens the defense in that (1) it permits (indeed, it requires) application of a subjective, rather than objective, assessment of the defendant’s response to police conduct, and (2) it does not even require impermissible or reprehensible police conduct, the hallmark of the traditional entrapment defense.[3] Moreover, I agree with Chief Justice CORRIGAN that the rejection of a legislatively mandated sentence requirement based on a court’s ad hoc assessment of police conduct impermissibly usurps both legislative and executive authority. See ante at 735-737.
II. INTENT IS NOT AN “OBJECTIVE” FACTOR
Under former MCL 333.7401(4), a departure from the statutorily mandated minimum ten-year sentence applicable to defendant is permitted if the court has a *746 “substantial and compelling reason” for the departure. In Babcock, supra, this Court adopted and reaffirmed, as an animating construction of the legislative sentencing guidelines, the People v Fields[4] definition of “substantial and compelling reason”: a reason that is both objective and verifiable and that “‘keenly’ ” or “‘irresistibly’ ” grabs the court’s attention. [5] Babcock, supra at 257-258, quoting Fields, supra at 67.
The majority opines that a defendant’s “enhanced intent,” if it “can be shown in a manner that satisfies the requirements for a sentencing departure as outlined in Babcock,” is a factor that may properly be considered in departing from a mandatory minimum sentence. Although the majority does not dispute that intent is inherently subjective, it nevertheless holds that intent, if “shown” or “established” in “an objective and verifiable way,” becomes a proper factor for consideration under Babcock. Ante at 726, 728-729. Thus, the majority presents two hypothetical examples in which evidence, other than the defendant’s own representations as to his intent, is presented to support the defendant’s claim that his intent was altered before or after he committed a crime; under such circumstances, the majority holds, the defendant’s intent has been objectively and verifiably shown.[6] Id.
*747 The primary flaw in the majority’s analysis, in my view, is that it conflates the separate Babcock requirements of objectivity and verifiability into a single evi-dentiary requirement. Again, Babcock requires that the factor itself he both objective and verifiable. The majority, however, takes the view that if there is an objective and verifiable showing of the existence of a factor, Babcock is satisfied. I disagree.
A subjective factor such as intent is not somehow transformed into an objective factor simply because it can be supported by evidence other than the defendant’s own representations. Although the existence of such external evidence might well render a particular factor verifiable, an otherwise subjective factor will remain subjective, even in the face of a mountain of proof.[7] The adoption of the Fields/Babcock test was *748 intended to preclude consideration of such subjective factors. I cannot subscribe to the majority’s sub silentio repudiation of the Babcock requirement of objectivity.
Accordingly, on remand, I would preclude the trial court from considering as a proper sentencing factor defendant’s intent.
Corrigan, C.J., concurred with Young, J.

 In addition, I concur in footnote 14 of the majority’s opinion, ante at 730-731, and agree that Michigan’s sentencing system is unaffected by the holding in Blakely v Washington, 542 US_; 124 S Ct 2531; 159 L Ed 2d 403 (2004).

 464 Mich 878 (2001).

 Michigan’s objective entrapment defense requires a showing that either (1) the police engaged in impermissible conduct that would induce a law-abiding person to commit a crime in similar circumstances or (2) the police engaged in conduct so reprehensible that it cannot be tolerated. People v Johnson, 466 Mich 491, 498; 647 NW2d 480 (2002).

 448 Mich 58; 528 NW2d 176 (1995).

 In turn, the Fields Court adopted the test for “substantial and compelling” as announced by our Court of Appeals in People v Hill, 192 Mich App 102; 480 NW2d 913 (1991). See Fields, supra at 62.

 The examples proffered by the majority aptly illustrate the inconsistency of its holding. Consider the first example, in which there is evidence that a defendant sells more of an illegal substance than he was initially prone to sell because the buyer has pleaded for more. Ante at 728-729. It is entirely beyond me how such evidence demonstrates that the defendant’s intent was “altered” by external factors. Rather, the defendant, at the time he committed the offense, intended to sell whatever amount of the illegal substance he, in fact, sold; the buyer’s pleas simply *747 provided a motivation for the defendant’s decision to commit the crime of selling a larger amount. Under the majority’s view, the defendant’s presentation of a videotape depicting him reluctantly pulling the trigger of a gun and killing a victim in response to an accomplice’s urgings would presumably support a downward departure from a mandatory sentence or from the sentencing guidelines range. I cannot subscribe to such an extreme view.
In the second example proffered by the majority there is evidence that the defendant, after assaulting the victim, secures medical assistance. Ante at 729. I am at a loss to understand how this evidence of the defendant’s post-crime behavior demonstrates that his intent in committing the crime was altered. Again, as in the prior example, the defendant intended to do precisely what he did at the time he committed the crime. Rather, this example seems to approve of sentencing consideration of remorse, a factor that the Fields Court specifically held lacked objectivity. Fields, supra at 80. Moreover, the fact that a defendant dials 911 after slashing a victim’s throat would certainly not “keenly” or “irresistibly” grab this writer’s attention.

 For example, much like intent, a defendant’s remorse is a subjective state-of-mind factor that may not be properly considered at sentencing. See Fields, supra at 80. Remorse would not be somehow transformed into a proper sentencing factor by virtue of tangible or otherwise external *748 evidence, such as testimony that the defendant cries himself to sleep every night or that he wrote apologetic letters to the victim’s family. In such a case, the remorse would be verifiable, but it would not be objective.